**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENNIFER MILLER; EMAD AL-KAHLOUT; JOSE GRINAN; KELLY KIMMEY; JUMA LAWSON; HAMADY BOCOUM; PHILIP SULLIVAN; KIMBERLY HALO; CHRISTOPHER CAIN; GARY GLEESE; CLARENCE HARDEN; STEVEN MORIHARA; SHARON PASCHAL,

   Plaintiffs-Appellees,

 v.

AMAZON.COM, INC.; AMAZON LOGISTICS, INC.,

   Defendants-Appellants.

No. 21-36048

D.C. No. 2:21-cv-00204-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted March 27, 2023
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,** District Judge.

---

 \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\*   The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Amazon.com and Amazon Logistics ("Amazon") appeal the district court's order denying Amazon's motion to compel arbitration because plaintiffs were a "class of workers engaged in . . . interstate commerce" under § 1 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 1. We have jurisdiction under 9 U.S.C. § 16(a)(1)(A) and (B) and 28 U.S.C. § 1292(a)(1). We review the denial of a motion to compel arbitration de novo. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). We affirm.

Plaintiffs worked as Amazon Flex delivery drivers making last-leg deliveries of goods shipped from other states or countries to consumers, as well as deliveries of food, groceries, and packages stored locally that may be eligible for tips. Plaintiffs allege that, between 2016 and 2019, Amazon failed to honor its promise that workers would receive 100% of the tips that customers added for tip-eligible deliveries, in violation of the Washington Consumer Protection Act and various other state consumer protection laws.

1. We previously held in *Rittmann v. Amazon.com, Inc.* that Amazon Flex delivery drivers, like plaintiffs here, are workers engaged in interstate commerce because they deliver goods moving in interstate commerce to their final destination. 971 F.3d 904 (2020), *cert. denied*, 141 S. Ct. 1374 (2021). Amazon argues that *Rittmann* is no longer good law after the Supreme Court's decision in *Southwest Airlines Co. v. Saxon*, which held that airplane cargo workers were

within a "class of workers engaged in foreign or interstate commerce" even though they did not physically move goods across borders. 142 S. Ct. 1783 (2022). But we recently held that *Rittman* remains binding precedent after *Saxon*. *See Carmona Mendoza v. Domino's Pizza, LLC*, 73 F.4th 1135 (9th Cir. 2023).

2. Amazon next argues that even if *Rittmann* remains good law, the drivers here are different from those in *Rittmann* because Amazon Flex drivers can schedule two types of delivery blocks: last-mile deliveries and tip-eligible local deliveries—and the latter do not involve interstate commerce. But this is the exact same class of workers we discussed in *Rittmann*: Amazon Flex delivery drivers who "are engaged to deliver packages from out of state or out of the country, even if they also deliver food from local restaurants." 971 F.3d at 917 n.7. We concluded that these drivers are "engaged in interstate commerce, even if that engagement also involves intrastate activities." *Id.* As the Supreme Court made clear in *Saxon*, the relevant question is what work "the members of the class, as a whole, typically carry out," which here includes last-mile deliveries. 142 S. Ct. at 1788.

Amazon further argues that the only relevant work for purposes of § 1 is the tip-producing deliveries. But under the FAA, "class of workers" is defined by their "contracts of employment." 9 U.S.C. § 1. Amazon Flex delivery drivers' "contracts of employment" include last-mile deliveries. The nature of their

3

individual claims does not change this analysis. These drivers have one contract of employment which governs all their work, including shifts for last-mile deliveries and shifts for tip-producing deliveries. Accordingly, we find that, as in *Rittmann*, Amazon Flex delivery drivers are exempt under § 1 of the FAA.

3. Finally, Amazon argues that even if Amazon Flex delivery drivers are exempt under the FAA, the arbitration provision should be enforced under state law. Again, *Rittmann* controls. In examining the identical 2016 Terms of Service that plaintiffs agreed to here, we held that no state law applies to the arbitration provision. 971 F.3d at 920. Amazon argues that the 2019 and 2021 Terms of Service supersede the 2016 Terms of Service and require enforcement of the arbitration provision under Delaware state law.[1] Amazon's argument fails. The 2016 Terms of Service state that "any modifications to Section 11 [the arbitration provision] will not apply to claims that accrued or to disputes that arose prior to such modification." Plaintiffs allege that the practices they challenge started in 2016 and ended in about August 2019, before the 2019 Terms of Service became effective. Therefore, according to plaintiffs, the modifications to the arbitration

---

[1] These Terms of Service state, in sum, that if the FAA is found by any court not to apply to Section 11–the arbitration provision—then the law of the state of Delaware will govern. Most of the plaintiffs accepted the 2019 Terms of Service by using the app or performing services after receiving an email in October 2019 notifying them that Amazon was updating the agreement. Two plaintiffs accepted the 2021 Term of Service.

4

provision cannot apply to their claims. We agree. *Rittmann* controls, and Amazon cannot enforce the arbitration provision under state law.

**AFFIRMED.**